HATTIE PHILLIPS, PLAINTIFF-RESPONDENT, v. LUCY SINGER KLEIN, DEFENDANT-APPELLANT.

Submitted October 7, 1941—Decided December 29, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the plaintiff-respondent, *Harold Feinberg* and *Abraham Lieberman*.

For the defendant-appellant, *A. William Wann* and *Wilbur A. Stevens*.

The opinion of the court was delivered by

CASE, J. This is defendant's appeal from a judgment entered in the Hudson County Circuit Court upon a verdict of the jury against her and in favor of the plaintiff. The appeal is based upon two grounds: First, that the court erred in refusing to grant a motion on the part of the defendant for a nonsuit; second, that the court erred in refusing to grant defendant's motion for a directed verdict.

Following the verdict the defendant applied for and obtained a rule to show cause why the verdict should not be set aside and a new trial granted for the reasons (1) that the verdict was excessive, (2) that the verdict was against the weight of the evidence. The trial judge filed a memorandum

518

in which he found that the verdict was not excessive and that it was not against the weight of the evidence. The rule to show cause was discharged and the order discharging it recited that the court, after considering the transcript of the testimony and the briefs submitted by counsel for the respective parties, was of the opinion that the verdict was not excessive and was not against the weight of the evidence.

It is well settled that where a verdict has been attacked on a rule to show cause as being against the weight of evidence, the consideration and disposition of the rule covers the ground of a motion to nonsuit and a motion to direct and operates as a bar to any argument or consideration of such grounds on appeal. *Simons* v. *Lee,* 117 *N. J. L.* 370. The rule to show cause contained a provision that defendant's exceptions to the refusal of the trial judge to order a nonsuit or to direct a verdict were reserved. But the discharge of a rule makes *res judicata* every reason argued in support of it and no language inserted in the rule can save to the prosecutor the benefit, for appeal, of an exception that goes to a point assigned and argued under the rule. *Dombroski* v. *Metropolitan Life Insurance Co.,* 126 *N. J. L.* 545.

As the papers show no matter for review the appeal will be dismissed, with costs.